UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                                          Case No. 04-20038-02
                                                                            Honorable Thomas L. Ludington

DAVID WARREN TICE, JR.,

                Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE**

On May 31, 2007, Defendant pled guilty to one count of conspiracy to distribute methamphetamine and was sentenced to 300 months of incarceration and five years' supervised release. ECF No. 447. On May 8, 2020, he was sentenced to twelve months plus one day imprisonment for violating his terms of supervised release. ECF No. 690.

On June 15, 2020 Defendant mailed a letter to the Court asking to be transferred to BOP custody at Milan, amend his sentence to home confinement, or require jail staff to provide him his medication. Due to mailing delays caused by COVID-19, it was not docketed until July 7, 2020. ECF No. 695. On August 10, 2020 Defendant filed a second letter and as well as a motion for compassionate release. ECF Nos. 699, 700.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited June 12, 2020).

## II.

In his motion, Defendant appears to seek a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) (commonly referred to as compassionate release). ECF No. 700. The statute provides:

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

18 U.S.C. §3582(c)(1)(A)(i).

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at \*4 (6th Cir. June 2, 2020).

In his motion for compassionate release, Defendant states that he spoke with his trial counsel who informed him he "needed to write the Warden and allow 30 days for his reply." ECF No. 700 at PageID.4361. Defendant explains that he wrote to the Warden on July 14, 2020. However, his motion is signed July 29, 2020. Therefore, Defendant did not wait 30 days before filing his motion. As such, his motion will be denied without prejudice to allow the BOP the full 30 days to respond. If the BOP does not respond within 30 days or denies request for relief, Defendant may re-file his motion for compassionate release.  Any refiled motion for compassionate release should include a copy of the BOP's denial, if one is provided.

Accordingly, it is **ORDERED** that Defendant's motion for compassionate release, ECF No. 700, is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that to the extent Defendant's letters could be construed as motions, ECF Nos. 695 and 699, are **DENIED WITHOUT PREJUDICE**.


Dated: August 14, 2020                                        s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **David Warren Tice, Jr.** #26262-039, Clare County Jail, 255 W. Main St., Harrison, MI 48625 by first class U.S. mail on August 14, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager