UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                                            Case No. 04-20038-02
                                                                      Honorable Thomas L. Ludington

DAVID WARREN TICE, JR.,

           Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE

On May 31, 2007, Defendant pled guilty to one count of conspiracy to distribute methamphetamine and was sentenced initially to 300 months of incarceration and five years' supervised release. ECF No. 447. His sentenced was later reduced to 180 months. ECF No. 620. On May 8, 2020, he was sentenced to twelve months plus one day imprisonment for violating his terms of supervised release. ECF No. 690.

On June 15, 2020 Defendant mailed a letter to the Court asking to be transferred to Bureau of Prisons ("BOP") custody at Milan, amend his sentence to home confinement, or require jail staff to provide him his medication. Due to mailing delays caused by COVID-19, his letter was not docketed until July 7, 2020. ECF No. 695. On August 10, 2020 Defendant filed a second letter as well as a motion for compassionate release. ECF Nos. 699, 700. Defendants motions were denied without prejudice for failure to exhaust his administrative remedies. ECF No. 701. On September 2, 2020 Defendant filed another motion for compassionate release. ECF No. 702. The Government responded and Defendant filed two replies. ECF Nos. 703; 708, 709. For the following reasons, his motion will be denied with prejudice.

**I.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A).

The statute provides three inquires that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the BOP. Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for

the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

Defendant included a copy of letter to the Warden seeking compassionate release in his most recent motion for compassionate release. ECF No. 702 at PageID.4378–80. The Government does not contest the exhaustion. Defendant has met this requirement.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant's underlying offense is for conspiracy to distribute 500 grams of methamphetamine. ECF No. 447. He was sentenced to 300 months imprisonment and five years of supervised release. *Id.* His term of incarceration was later reduced to 180 months. ECF No. 620. More than two years after being released from prison, Defendant tested positive for methamphetamines and marijuana. ECF No. 707 at PageID.4417. Drug trafficking is a serious crime. Additionally, a fellow motorcycle gang member was killed during the investigation. According to his Presentence Investigation Report, Defendant's criminal history includes multiple driving offenses comprising of an undefined reckless offense, fleeing and eluding a police officer, no valid Michigan registration, providing false evidence of insurance, operating while intoxicated twice, driving while license suspended twice, fleeing and eluding, fail officer signal traffic, and operating a vehicle while license revoked/suspended/denied. He was also convicted of possession of marijuana, disorderly conduct, and misdemeanor larceny. Furthermore, as explained below in Section I.C.2., Defendant poses a danger to others and the community due to his history of violent offenses.

A consideration of the § 3553 factors indicates that Defendant is not entitled to a sentence reduction.

## C.

The next inquiry to be resolved in addressing Defendant's motion for compassionate release are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13 which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering

> the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
>> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>>
>> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>>
>> (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, he has not demonstrated that he is not a danger to the safety of others.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides in relevant part:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is--
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.--

        (i)      The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

        Defendant argues in his motion and reply that he has been diagnosed with asthma, COPD, sleep apnea, and borderline hypertension. His motion includes a letter from his doctor's office that states "[h]e does have a documented medical history of COPD, or chronic obstructive lung disease, and is potentially at higher risk for complications if he were to contract this infectious illness." ECF No. 702 at PageID.4381. Defendant's medical situation does not qualify as "compelling and extraordinary" under subsection (A) of the policy statement commentary. He does not represent that his conditions, either individually or collectively, are terminal. Defendant has, at most, alleged a generalized risk of developing serious COVID-19 symptoms. A "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020); *see also United States v. Brown*, No. 19-20202, 2020 WL 2812776, at *4 (E.D. Mich. May 29, 2020) ("Without satisfactory evidence that Defendant's asthma is moderate to severe, and without additional risk factors, the

Court cannot conclude that Defendant's conditions of confinement currently expose him to a risk of a dire outcome from COVID-19."). The U.S.S.G. policy statement does not provide relief based on potential health risks. Instead, a defendant must have an actual medical condition or a terminal illness. Additionally, Defendant was sentenced to his one year and one day term of incarceration after the pandemic began. The Michigan Governor began issuing her emergency orders in March 2020. Defendant was sentenced on May 6, 2020. Defense counsel discussed the concerns about the COVID-19 pandemic during Defendant's supervised release violation sentencing hearing. ECF No. 707 at PageID.4419. The Court also acknowledged that due to his COPD, Defendant would "be a high risk patient for sure." ECF No. 707 at PageID.4422. Defendant's susceptibility for COVID-19 was considered at the time he was sentenced. Accordingly, Defendant's present circumstance does not satisfy subsection (A).

Defendant's situation does not qualify as "compelling and extraordinary" under subsection (B) of the policy statement commentary because he is 56 years old. He also does not qualify under subsection (C) because he is not seeking release in order to care for a spouse or child.

Defendant has not demonstrated that "compelling and extraordinary" circumstances exist meriting his compassionate release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would not be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

>(3) the history and characteristics of the person, including--
>
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C.A. § 3142.

"The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted). "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010).

In support of his motion, Defendant argues that he has "been out of prison more than 3 years and ha[s] made no attempt to have anything to do with [the motorcycle club]." ECF No. 708 at PageID.4426–28. In his three years since he was released, he explains he only received one ticket for lack of proof of insurance when driving and his two "dirty urine" tests. *Id.*

Defendant has taken real steps toward his recovery. He successfully avoided criminal behavior and was gainfully employed for more than two years while he was on supervised release before his recent relapse. ECF No. 707 at PageID.4418–19. He has also indicated a desire to become a recovery coach through 1016. Mr. Tice has made substantial progress toward full reintegration with society and has shown he has the ability to live as a contributing member of

society, if he so desires. However, Defendant did not only test positive for marijuana and methamphetamine use, but also became involved "in particular relationships that were likely to lead to unstable circumstances and higher risks associated with return to controlled substances." ECF No. 707 at PageID.4423. His criminal history is substantial, as was his involvement in the underlying offense. The twelve months and one day sentence for his violation was made after the pandemic began and with the knowledge and expectation that the BOP, or in this case, the Clare County Jail, will continue to work to manage the health risks to inmates. Defendant's repeated criminal offenses, especially those of a violent nature, demonstrate that Defendant would be a danger to others and the community if he were to be released early.

## II.

Defendant also asks this Court to direct the BOP to move him to FCI Milan from Clare County Jail. He believes the BOP could better care for his health needs at Milan. The placement of prisoners is within the sole discretion of the BOP. Therefore, the Court lacks the authority to require the BOP to move Defendant.

## III.

Accordingly, Defendant's Motion for Compassionate Release, ECF No. 702, is **DENIED WITH PREJUDICE**.

Dated: October 14, 2020　　　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **David Warren Tice, Jr.** #26262-039, Clare County Jail, 255 W. Main St., Harrison, MI 48625 by first class U.S. mail on October 14, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager